## KANSAS CITY BRIDGE CO. v. ALABAMA STATE BRIDGE CORPORATION.*
No. 6524.

Circuit Court of Appeals, Fifth Circuit.
June 1, 1932.

*Rehearing denied July 20, 1932.

Marion Rushton, of Montgomery, Ala., and Richard S. Righter, of Kansas City, Mo., for appellant.

Frontis H. Moore, of Montgomery, Ala., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the Kansas City Bridge Company, a corporation under the laws of Kansas, from a judgment final on demurrer in an action by it against the Alabama State Bridge Corporation for extra work and labor done on a bridge across the Tennessee river, which was constructed to connect up a public highway belonging to the state of Alabama. The grounds of the demurrer were that the suit was one against the state, and could not be maintained because the state, under its Constitution, cannot be sued.

The Alabama State Bridge Corporation was organized pursuant to authority granted in 1927 by an act of the state Legislature. Gen. Acts 1927, p. 278. That act need not be here set out at length, as its provisions are stated in much detail in the case of Alabama State Bridge Corporation v. Smith, 211 Ala. 311, 116 So. 695, where its constitutionality was upheld. It authorizes three state officers, the highway director, the president of the board of administration, and the chairman of the state tax commission, to form a corporation for the purpose of constructing bridges for public use in connection with the highway system of the state, and of collecting tolls until the cost of construction and maintenance are paid, after which the public become entitled to use the bridges free of charge, and the corporation is to be dissolved. The incorporators are to be the only members of, and are to manage the affairs of, the corporation only so long as they remain in their official positions and are to be displaced by their successors in office. Bridges to be constructed are to be located by the state highway commission, and all contracts for their construction are to be prepared by the Attorney General and approved by the Governor. For the purpose of providing funds for building bridges the corporation is authorized to borrow money by issuing bonds, which are to be attested by the secretary of state and approved by the Governor. Tolls collected in the operation of the bridges are required to be paid into the state treasury once a month and kept in a separate fund by the state treasurer for the retirement of bonds and payment of other indebtedness. The interest on the bonds, which are declared to be tax free, may be paid out of state funds derived from the gasoline tax, or from the state convict fund. Neither the officials who compose the bridge corporation nor any other state officials shall receive any compensation in addition to their official salaries. The corporation is without capital stock, is not organized for profit, and no private persons have any interest in it. Finally, there is a provision that it may sue and be sued.

It is clear that the whole purpose of the act was to erect bridges essential to the highway system, to pay for them with tolls, and then to make them free for the use of the public. It is well settled that the construction of public roads and bridges is a governmental function. Dodge County Commissioners v. Chandler, 96 U. S. 205, 24 L. Ed. 625; Atkin v. Kansas, 191 U. S. 207, 24 S. Ct. 124, 48 L. Ed. 148; 1 Bl. Com. 357; 13 R. C. L. 79. The state may either perform this function in its own name or through its public officers or one of its governmental agencies. Fitts v. McGhee, 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535; Atkin v. Kansas, supra. The Alabama Bridge Corpora-

tion was but an agency or instrumentality through which the state acted in causing its public bridges to be constructed. It was not a private corporation in any sense of the word, but state officials, who might as well have been designated a board or commission, were ex officio members, and the only members, of it. Alabama State Bridge Corp. v. Smith, supra; Clallam County, Wash., v. United States, 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328. In the nature of things the state had to choose some such agency in order to effectuate its purpose. Lane v. Minnesota State Agricultural Society, 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708. The state itself is directly concerned in the construction and maintenance of public roads and bridges, in the same way that it is in its public school system in the maintenance of which it hardly will be doubted that it is performing a governmental function. Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114. Its interest is different from that which it has in its railroad commission, or governmental subdivisions, such as counties and municipalities, which are given many powers of their own, private as well as governmental. "It is not enough that the state should have a mere interest in the vindication of her laws, or in their enforcement as affecting the public at large, or as they affect the rights of individuals or corporations, but it must be an interest of value to herself as a distinct entity." Railroad Commissioners v. P. & A. R. R. Co., 24 Fla. 417, 464, 5 So. 129, 133, 2 L. R. A. 504, 12 Am. St. Rep. 220.

We are of opinion, therefore, that this is a suit against the state of Alabama. A state cannot be sued without its consent. So far from consenting, the state of Alabama by its present Constitution provides that it "shall never be made a defendant in any court of law or equity." Section 14. And it has so provided continuously since 1875. Appellant argues that this provision does not prevent suits against the state growing out of the building, repair, and maintenance of public roads and bridges, because certain recent amendments authorize the Legislature to appropriate money for their repair and maintenance, to issue bonds for building roads, and to appropriate money for works of internal improvement. But we see nothing in these amendments that in the slightest indicates or implies consent that the state may be sued. The conclusion is that the demurrer was rightly sustained.

The judgment is affirmed.