## CALIFORNIA TOLL BRIDGE AUTHORITY v. INTERURBAN ELECTRIC RY. CO. et al.

### No. 21980-L.

District Court, N. D. California, S. D.

May 27, 1942.

Keyes & Erskine, of San Francisco, Cal., for plaintiff.

Elliott Johnson, of Oakland, Cal., and E. J. Foulds, F. J. Gallagher, and Arthur B. Dunne, all of San Francisco, Cal., for defendants.

NORCROSS, District Judge.

This case was instituted in the Superior Court of the State of California, in and for the County of Alameda. On petition of the defendants, Southern Pacific Company and Central Pacific Railway Company, appearing specially therefor, the case was removed to this court. Plaintiff filed a motion to remand, which motion has been heard and submitted upon briefs filed by the respective parties.

The controlling question upon the motion to remand is whether plaintiff should be considered merely as a corporation, created under the laws of the State of California, and, hence, to be regarded as a citizen of that State, when considering a jurisdictional question based on diversity of citizenship, or whether plaintiff is merely an agency or arm of the State in public matters within its authority and control and, if so, not to be classified merely as a citizen but as representing the State. That the latter is the correct view, is clearly established by the authorities. California Statutes 1929, p. 1489; California Toll Bridge Authority v. Wentworth, 212 Cal. 298, 298 P. 485; California T. B. Authority v. Kelly, 218 Cal. 7, 21 P.2d 425; State Highway Comm. in Arkansas v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689; Kansas City Bridge Co. v. Alabama State Bridge Corp., 5 Cir., 59 F.2d 48; Langlie v. United Fireman's Ins. Co., D.C., 40 F.Supp. 24.

In the case of Fowler v. California Toll Bridge Authority, D.C., 46 F.Supp. 299, Judge Welsh stated: "In all its functions, the Authority is representing and assisting the State in the performance of a traditional governmental function, that of building, operating and maintaining bridges and highway crossings as a part of the government system of state highways. The Authority is not a distinct and separate entity embarked upon a profit making commercial enterprise in competition with private citizens. The Authority owns no property. The bridges belong to the State. It has no capital stock. It derives no income to itself. All tolls and revenues received from the operation of the bridges are paid into the State Treasury and become state funds. The members of the Authority are all state officials none of whom receive any compensation for the services they perform as members of The Authority in addition to their regular salaries received for their services to the State. The Authority may make contracts and incur obligations, but it is not itself able to respond financially to any judgment which may be recovered against it. The holder of any such judgment would have to look to the State and to state funds for satisfaction thereof. The Authority does not act in any proprietary capacity. All of its acts are done for and on behalf of the State of California in the performance of a traditional governmental function. Finally, the Authority is in reality the State of California."

It is the conclusion of the court that the plaintiff is an agency and representative of the State of California and, hence, there being no diversity of citizenship, this court is without jurisdiction. For the reason stated, the motion to remand should be granted.

It is ordered: That this case be, and the same hereby is, remanded.