## STATE HIGHWAY COMMISSION OF WYOMING. *v.* UTAH CONSTRUCTION COMPANY.

No. 96.   Argued December 6, 1928.—Decided January 2, 1929.

*Mr. Marion A. Kline,* with whom *Messrs. Wm. O. Wilson, James A. Greenwood,* and *John Dillon* were on the brief, for petitioner.

*Mr. Benjamin S. Crow,* with whom *Messrs. John W. Lacey, Herbert Lacey,* and *W. L. Walls* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Prior to 1916 the State of Wyoming could not engage in works of internal improvement unless specially authorized by popular vote. During that year the following section was added to Article XVI of her Constitution:

"Sec. 9. State highway construction. The provision of Section 6 of Article XVI of this constitution prohibiting the state from engaging in any work of internal improvement unless authorized by a two-thirds vote of the people shall not apply to or affect the construction or improvement of public roads and highways; but the legislature shall have power to provide for the construction and improvement of public roads and highways in whole or in part by the state, either directly or by extending aid to counties."

In 1919 the Legislature passed the State Highway Act, Session Laws 1919, Ch. 132, which directed:

That there shall be a Highway Department consisting of a Commission of five members, and a superintendent. The "Commission shall have the power to sue in the name of the State Highway Commission of Wyoming, and may be sued by such name in any court upon any contract executed by it." All roads, the cost of which is paid from the State Highway Fund, shall be constructed in accordance with plans and specifications prepared by the Highway Superintendent and shall be performed by or under

contracts approved and awarded by the Commission. Except as otherwise specified " construction and maintenance of all State Highways, including bridges and culverts thereon, shall be performed at the expense of the State and by and under the supervision of the commission and State Highway Superintendent." "A State Highway Fund is created, to be in the custody and keeping of the State Treasurer," and payments therefrom shall be on warrants based upon vouchers by the Highway Superintendent.

The original act was amended in 1927 so as to provide— " The commission shall have the power to sue in the name of ' The State Highway Commission of Wyoming ' and may be sued by such name in the courts of this state and in no other jurisdiction upon any contract executed by it."

By a contract dated June 1st, 1922, " between the State of Wyoming, acting through the State Highway Commission, and Utah Construction Company, a corporation, of Ogden, in the State of Utah, hereinafter called the Contractor," the parties undertook:—That the contractor, at its own cost should do all work and furnish all labor, materials, and tools, " except such as are mentioned in the specifications to be furnished by the State of Wyoming," and construct a designated highway. " The State of Wyoming shall pay and the Contractor shall receive and accept as full compensation for everything furnished and done by the Contractor under this contract and also for all loss or damage arising out of the nature of the work, the action of the elements or from any unforseen contingencies or difficulties encountered in the prosecution of the work, the prices stipulated in the proposal." " Time shall be of the essence of this contract," and for failure to complete the work as agreed " damage will be sustained by the State of Wyoming . . .; and it is therefore agreed that said Contractor shall pay to the State of Wyoming,

198

as liquidated damages and not as penalty, an amount equal to the cost of maintaining the necessary force of engineers and inspectors on the work during the additional time . . .; and the State Highway Commission may deduct the same from the amount due or to become due to the Contractor . . ." "The State of Wyoming hereby reserves the right to accept and make use of any portion of said work before the completion of the entire work without invalidating the contract, or binding itself to accept the remainder of the work or any portion thereof whether completed or not." The writing concluded thus— "In witness whereof the State of Wyoming, acting through its State Highway Commission, party of the first part, has caused these presents to be executed by its Superintendent and the seal thereof to be hereunto affixed." It was signed "State Highway Commission of Wyoming, by L. E. Laird, Superintendent"; and by the Utah Construction Company.

A supplemental agreement dated December, 1922, and signed "State Highway Commission of Wyoming, by L. E. Laird, Superintendent" and the Utah Construction Company, undertook to modify the contract of June 1st, 1922, in certain material respects.

By an amended petition, naming the Wyoming State Highway Commission and its individual members as defendants, filed in the United States District Court of Wyoming August 2, 1925, the Utah Construction Company sought to recover damages arising out of the breach of the above-described construction contract, as supplemented. Jurisdiction of the court was invoked under § 24 of the Judicial Code (U. S. Code, § 41) on the ground of diverse citizenship of the parties. The petition alleges that the plaintiff is a citizen of Utah; the Commission and its individual members are citizens of Wyoming; more than $3,000 is involved.

The District Court concluded that the suit, in effect, is one against the State; a State is not a citizen under the Judiciary Acts; there is no diversity of citizenship; and no jurisdiction.

The Circuit Court of Appeals thought that the proceeding is not really one against the State, and that the statute makes the Highway Commission a legal entity subject to suit. It accordingly reversed the District Court and directed that the cause be remanded.

It seems to us sufficiently clear that the suit is, in effect, against the State of Wyoming. The contract for the construction of the work in question was between the Utah Construction Company and the State. The State, acting through the Highway Commission, as it might through any officer, became a party to the original agreement and obligated herself thereby. Neither the Commission nor any of its members assumed any direct or personal responsibility. The supplemental agreement was not intended to impose liability where there was none before. Its purpose, considering the changed circumstances, was to modify in the ways specified what the original parties had undertaken to do. The Commission was but the arm or *alter ego* of the State with no funds or ability to respond in damages. There is no claim that the members of the Commission are personally liable. *Hjorth Royalty Co.* v. *Trustees of University*, 30 Wyo. 309; *Franzen* v. *Southern Surety Co.*, 35 Wyo. 15; *In re Ayers*, 123 U. S. 443, 502; *Hopkins* v. *Clemson College*, 221 U. S. 636, 642; *Ex parte State of New York*, No. 1, 256 U. S. 490, 500.

It is unnecessary for us to consider the effect of the general grant of power to sue or be sued to the Highway Commission or its withdrawal in 1927—this suit, in effect, is against the State and must be so treated. No consent by the State to submit itself to suit could affect the ques-

tion of diverse citizenship. "A State is not a citizen. And, under the Judiciary Acts of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States; and that the Circuit Court of the United States has no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States." *Postal Telegraph Cable Co.* v. *Alabama,* 155 U. S. 482, 487. *Minnesota* v. *Northern Securities Co.,* 194 U. S. 48, 63.

Here the petition showed no diversity of citizenship between the real parties in interest—the State and the Construction Company. No other ground of jurisdiction was asserted. Consequently there was no jurisdiction. The judgment of the Circuit Court of Appeals must be reversed; that of the District Court will be affirmed.

*Reversed.*