1020

Thomas J. Courtney, State's Atty., and William Kearney, Asst. State's Atty., both of Chicago, Ill., for county treasurer.

E. R. Elliott, of Chicago, Ill., for Pacific States Life Ins. Co.

BARNES, District Judge.

This cause came on to be heard on the motion of the defendant for an order restraining the further prosecution of proceedings in the county court of Cook county, whence this cause was removed to this court, and on the motion of the plaintiff to remand the cause to the county court of Cook county.

The proceeding is one by the county treasurer and ex officio county collector of Cook county against Pacific States Life Insurance Company for the appointment of said county treasurer and ex officio county collector receiver of certain real property of the defendant. The proceeding is brought under the so-called Skarda Act, which was recently adopted by the General Assembly of the state of Illinois. The Skarda Act provides:

"That at any time after any taxes or any installment thereof heretofore or hereafter levied and assessed upon real property shall have been delinquent for more than six months and remain due and unpaid in any county, the county collector may make application to any court of competent jurisdiction, by bill or by petition, to be appointed receiver ex-officio of the rents, issues and income of such real property for the purpose of collecting and satisfying, out of such rents, issues and income, the taxes upon such real property, together with the penalties, interest and costs, and such costs and expenses of the receivership as may be adjudged by the court." (Smith-Hurd Rev. St. Ill. 1933, c. 120, § 238a, Cahill's Ill. Rev. St. 1933, c. 120, p. 2348, § 268 (1).

The court is of the opinion that the proceeding in the county court is not a "suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction" within the meaning of USCA title 28, § 71, and that, accordingly, the proceeding is not removable to this court. The proceeding in the county court was "a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term, though often involving the exercise of quasi judicial functions." Upshur County v. Rich, 135 U. S. 467, 471, 10 S. Ct. 651, 652, 34 L. Ed. 196.

The court is also inclined to think that the real plaintiff in the suit in the county court is the state of Illinois, and that, accordingly, there is no diversity of citizenship. State Highway Comm. v. Utah Const. Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262. The right involved in the proceeding in the county court is the right to tax. That right is a part of the sovereign power of the state of Illinois. It is true that some of the taxes may be for the county, city, schools, high schools, sanitary district, parks, and other purposes, and it is possible that none of the taxes involved are so-called state taxes, but, nevertheless, the power involved in the assessment and collection of the taxes, whether it be state taxes or county taxes or school or park taxes, is a part of the sovereign power of the state. There may be some doubt on this proposition, and the court is not deciding the case on this point, but on the first point the court has no doubt that the proceeding is not removable.

Accordingly, the motion of the defendant for an order restraining the proceedings in the county court will be denied and the motion of the plaintiff for an order remanding the proceeding to the county court will be granted.