222 F.2d 258
 Grace LOWE, Appellant,
v.
MANHATTAN BEACH CITY SCHOOL DISTRICT OF LOS ANGELES COUNTY,
a political division of the State of California,
John L. Miles, John Doe, Richard Doe,
and Thomas Doe, Appellees.
 No. 14369
 United States Court of Appeals Ninth Circuit.
 April 19, 1955.
 
 Grace Lowe, Hollywood, Cal., in pro. per.
 Harold W. Kennedy, County Counsel, Los Angeles County, Los Angeles, Cal., for appellees.
 Before STEPHENS and CHAMBERS, Circuit Judges, and WIIG, District Judge.
 STEPHENS, Circuit Judge.
 
 
 1
 The plaintiff, Grace Lowe, appellant here, is a resident of Alaska, and claims in her action containing three related causes filed in the United States District Court that the Manhattan Beach City School District of Los Angeles County, State of California, and several individuals entered, without right, into and upon and took possession of certain real property to which she was entitled possession, depriving her of its rental value. She also claims that the defendants, appellees here, wrongfully removed and converted to their own use, a building belonging to her which was on but not attached to the realty. And in her third cause of action she alleges the conversion of personal property.
 
 
 2
 Plaintiff-appellant bases her claim for the United States District Court's jurisdiction upon diversity of citizenship and she prays an award in damages. The court, upon its own motion, dismissed the action for want of jurisdiction, specifically without adjudication of the merits. The court held:
 
 
 3
 '(1) That the record in this cause does not disclose complete diversity of citizenship between the parties (28 U.S.C. § 1332 * * *).'
 
 
 4
 We agree with this conclusion upon the ground that the state is not a citizen and that the school district is a part of the government of the state. The court cited the following cases as supporting its conclusion:
 
 
 5
 'City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 69-70, 76-77, 62 S.Ct. 15, 86 L.Ed. 47; State Highway Commission v. Utah Const. Co., 1929, 278 U.S. 194, 200, 49 S.Ct. 104, 73 L.Ed. 262; Broadwater Missouri Water Users' Ass'n v. Montana Power Co., 9 Cir., 1944, 139 F.2d 998, 999; Fowler v. Calif. Toll-Bridge Authority, 9 Cir., 1942, 128 F.2d 549; * * *.'
 
 
 6
 However, notwithstanding the allegation that jurisdiction is based upon diversity, there may be, and in this case we think there is, other ground for the court's jurisdiction.
 
 The district court further held:
 
 7
 '(2) That there is no claim or cause of action asserted in the complaint which 'arises under the Constitution, laws or treaties of the United States' (28 U.S.C. § 1331; (and citing cases)).'
 
 
 8
 We are of the opinion that this conclusion of the district court is erroneous and that the cause arises under the Constitution of the United States. We are of the opinion that the case of Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, is conclusive authority for the district court to take jurisdiction and determine the merits of the cause. Jurisdiction generally is discussed 327 U.S. at pages 682 and 683, 66 S.Ct. 773 of the cited case. The Bell v. Hood case was for damages allegedly suffered by plaintiffs through the deprivation of their United States constitutional rights, Fourth and Fifth Amendments, without due process of law by agents of the F.B.I. The right allegedly violated in our case is provided by the Fourteenth Amendment. We think we need do no more than quote from the last paragraph of the Bell v. Hood opinion, 327 U.S. on pages 684, 685, 66 S.Ct. at pages 776, 778:
 
 
 9
 '* * * The issue of law is whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violating the Fourth and Fifth Amendments. That question has never been specifically decided by this Court. That the issue thus raised has sufficient merit to warrant exercise of federal jurisdiction for purposes of adjudicating it can be seen from the cases where this Court has sustained the jurisdiction of the district courts in suits brought to recover damages for depriving a citizen of the right to vote in violation of the Constitution. And it is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution and to restrain individual state officers from doing what the 14th Amendment forbids the state to do. Moreover, where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. And it is also well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. Whether the petitioners are entitled to recover depends upon an interpretation of 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1), and on a determination of the scope of the Fourth and Fifth Amendments' protection from unreasonable searches and deprivations of liberty without due process of law. Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the District Court has jurisdiction. Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97, 81 L.Ed. 70; Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199-200, 41 S.Ct. 243, 244-245, 65 L.Ed. 577.'
 
 And finally the district court held:
 
 10
 '(3) That inasmuch as facts requisite to federal jurisdiction (Fed. Rules Civ.Proc., Rule 8(a)(1), 28 U.S.C.A. (page) 252 (1950)) do not affirmatively appear * * *, this court of limited jurisdiction * * * presumably lacks jurisdiction of the cause * * *.'
 
 
 11
 Because of what we have said under the court's conclusion '(2)', we need not notice this conclusion.
 
 
 12
 Reversed and remanded.
 
 
 13
 CHAMBERS, Circuit Judge.
 
 
 14
 Unhappily, I concur. As I read Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, which reverses Judge Stephens in the same case, 9 Cir., 150 F.2d 96, I conclude the district court must take and determine Lowe's alleged grievance.
 
 
 15
 Surely the implication of Bell v. Hood is not, if a teacher of Manhattan School District spanks a child and his parents say he was deprived of due process of law thereby to the extent of one dollar's damage,[1] that the district court must hear the complaint. But I cannot see that it is for us to whittle away at the decision.
 
 
 
 [1]
 If the limitation of 28 U.S.C.A. § 1331 is applicable, the complaint would allege that the damage exceeds the sum of $3,000