PEOPLES ENERGY CORPORATION, Natural Gas Pipeline Company of America, and Midcon Corporation, Plaintiffs,

v.

ILLINOIS COMMERCE COMMISSION, Defendant.

No. 81 C 4909.

United States District Court, N. D. Illinois, E. D.

Aug. 31, 1981.

---

**6.** MCA § 49–2–506(1)(b) (1979).

**7.** The position of the plaintiffs here is that a jury should be the fact-finder.

Raymond F. Simon, Thomas Campbell, Paul H. Dykstra and Michael Barry, Gardner, Carton & Douglas, Joseph M. Wells, Paul E. Goldstein, Roger H. Dusberger, Chicago, Ill., for plaintiffs.

Tyrone C. Fahner, Atty. Gen. of Illinois by Hercules F. Bolos, Sp. Asst. Atty. Gen., Thomas J. Russell and Steven G. Revethis, Asst. Attys. Gen., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the court is the motion of the plaintiffs Peoples Energy Corporation, Natural Gas Pipeline Company of America, and Midcon Corporation to remand this cause to the Circuit Court of Cook County for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The present controversy was removed to this court by the defendant, Illinois Commerce Commission, pursuant to 28 U.S.C. 1441(b).[1] For the reasons which follow, the court grants the plaintiffs' motion to remand because the present litigation presents no substantial federal question for the purpose of removal.

Those facts relevant to the resolution of this motion are not in dispute and are substantially as follows. Plaintiff Peoples Energy Corporation (Peoples Energy) is an Illinois corporation and a holding company for several subsidiaries. Plaintiff Natural Gas Pipeline Company of America (Natural Gas), and plaintiff Midcon Corporation (Midcon) are subsidiaries of Peoples Energy. The defendant, Illinois Commerce Commission, is an administrative agency established pursuant to the Public Utilities Act, Ill.Rev.Stat. ch. 111⅔, ¶ 1 et seq. (1979). Peoples Energy is in the process of implementing a plan of corporate reorganization with September 30, 1981 as the target date for completion.

On May 15, 1981, at the request of the defendant, plaintiff Peoples Energy provided defendant with a memorandum of law setting forth the reasons why defendant did not have the authority to require approval of the planned reorganization. On July 22, 1981, the defendant issued an Order asserting jurisdiction over plaintiff Peoples Energy and plaintiff Natural Gas as "public utilities" and directed them to appear at a Hearing on August 5, 1981 to demonstrate why the planned reorganization was not subject to the jurisdiction of the defendant. The plaintiffs appeared before the defendant Commission and presented their motion to dismiss for lack of jurisdiction. This motion remains pending before the defendant Commission.

On August 20, 1981 the plaintiffs commenced the instant action in the Circuit Court of Cook County seeking declaratory and injunctive relief. In their complaint, the plaintiffs sought a declaration that the defendant lacked jurisdiction over the pending reorganization. In the alternative, the plaintiffs requested a declaration that the Public Utilities Act grant of jurisdiction "is an undue burden on interstate commerce and is therefore violative of the commerce clause of the Constitution of the United States." On the same day, plaintiffs filed an emergency motion for a temporary restraining order, restraining the defendant

---

1. No issues arise related to diversity jurisdiction as the defendant, Illinois Commerce Commission, is an arm of the state and therefore not a "citizen" of Illinois for purposes of diversity jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973); *State Highway Comm'n of Wyoming v. Utah Constr. Co.,* 278 U.S. 194, 199, 49 S.Ct. 104, 106, 73 L.Ed. 262 (1929).

Commission from taking any further action related to the reorganization, was entered. This order expires on August 31, 1981. On August 28, 1981 the defendant Commission filed its petition for removal to this court. The defendant Commission seeks to invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1441(b).

The court finds that the instant litigation was removed improvidently and without jurisdiction as the matter in controversy arises under the Public Utilities Act, Ill. Rev.Stat. ch. 111⅔, ¶ 1 *et seq.* (1979), rather than "under the Constitution, treaties or laws of the United States" 28 U.S.C. § 1441(b), notwithstanding the plaintiffs' complaint for declaratory relief alleging a question of federal law. "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). In the present case, as in many actions for declaratory judgment, the position of the parties is in fact reversed. As the record reveals, the plaintiffs are attempting to establish a defense against the administrative action taken by the defendant. It is clear that the administrative action taken by the declaratory defendant could not be maintained in a federal court. *Louisville and Nashville Ry. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under the circumstances presented, the court lacks federal-question jurisdiction. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 263, 97 L.Ed. 291 (1952);[2] *Allegheny Airlines, Inc. v. Penn. Public Utility Comm'n*, 465 F.2d 237 (3d Cir. 1972), *cert. denied*, 410 U.S. 943, 93 S.Ct. 1367, 35 L.Ed.2d 609 (1973); *McCorkle v. First Penn. Banking and Trust Co.*, 459 F.2d 243 (4th Cir. 1972); *Thiokol Chemical Corp. v. Bur-*

lington Industries, 448 F.2d 1328 (3d Cir. 1971), *cert. denied*, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972).

For the reasons stated, the cause is remanded to the Circuit Court of Cook County as it was removed improvidently and without jurisdiction.

IT IS SO ORDERED.

---

**2.** The court has considered *Natural Gas Pipeline Co. of America v. James M. Slattery*, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 276 (1937), an opinion submitted by the defendant Commis-

sion, but finds that the question of subject matter jurisdiction was not addressed in this case.