**CENTRAL RESERVE LIFE OF NORTH AMERICA INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Larry D. STRUVE, Director of Commerce, State of Nevada; David A. Gates, Commissioner of Insurance, State of Nevada, Defendants–Appellees.**

No. 87–1830.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1988.

Decided July 26, 1988.

Vernon E. Leverty, Miller & Darr, Reno, Nev., for plaintiff-appellant.

J. Gregory Damm, Chief Deputy Atty. Gen., Carson City, Nev., for defendant-appellee Struve.

James C. Smith, Deputy Atty. Gen., Carson City, Nev., for defendant-appellee Gates.

Before CHAMBERS, NOONAN and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

In this appeal and the case of *Bair v. Walquist*, 853 F.2d 672 (9th Cir.1988), we are called upon to outline the scope and extent of eleventh amendment immunity as it relates to situations in which a state has not been named as a party defendant. Although the bases of jurisdiction in the two cases are different, the issues presented and the analyses set forth are similar.

## FACTS

Central Reserve Life of North America Insurance Company ("Central Reserve" or "appellant") is an Ohio-domiciled corporation that issues master policies of group life and health insurance to multiple employer trusts. These trusts in turn provide certificates of insurance coverage to groups of individuals. Although Ohio is both its state of incorporation as well as its place of principal business activity, Central Reserve is authorized to transact business in Nevada.

In late 1985 or early 1986 the Nevada Division of Insurance either denied, or gave every indication that it would deny,[1] approval for the marketing of Central Reserve's insurance in Nevada. Rather than availing itself of state administrative appeals, the appellant filed the instant action in federal district court, seeking declaratory and injunctive relief against Larry D. Struve, Director of Commerce for the State of Nevada, and David A. Gates, Commissioner of Insurance for the State of Nevada ("appellees"). The gist of the appellant's

---

1. Despite our careful review of the complete district court record, the parties' briefs, and their oral arguments presented on appeal, we are still unclear regarding some of the facts surrounding what it was (and when it occurred) that triggered this action. Our efforts were hampered by the parties' failure to provide us with, *inter alia,* a proper excerpt of record.

Counsel are admonished that a copy of the underlying complaint should always be provided in an excerpt of record (absent the inclusion of an appropriate pretrial order) and that a recitation of the relevant facts and proceedings leading up to the appeal should appear in their briefs. *See* Circuit Rule 30–1.2(e).

complaint was that the appellees had acted *ultra vires* and without jurisdiction by misconstruing or misapplying Nevada state law in denying approval for the marketing of Central Reserve's insurance in Nevada. The appellees were sued in their individual capacities, with jurisdiction predicated on diversity of citizenship under 28 U.S.C. § 1332.[2] The State of Nevada was neither named as a party-defendant nor served with copies of the summons and complaint.

The appellees moved to dismiss the complaint, arguing, *inter alia*, that the real party in interest was the State of Nevada and that the eleventh amendment therefore precluded the district court from entertaining jurisdiction over the action. Following oral argument, the district court granted the motion to dismiss and subsequently entered judgment in favor of the appellees. Central Reserve has filed a timely appeal.

## DISCUSSION

Although the parties have raised various issues on appeal, this matter stands or falls solely on the question of the eleventh amendment's applicability *vel non* to the facts of this case. Whether the eleventh amendment bars the appellant's action in turn depends on the answers to the following questions: (1) is the appellant one to whom the amendment applies; (2) is the state the real party in interest; (3) is the relief sought barred by the amendment; (4) has the state waived its sovereign immunity; and, if not, (5) is there a congressional statute indicating an intent to override that immunity? *See* 1 J. Nowak, R. Rotunda & J. Young, *Treatise on Constitutional Law:*

*Substance and Procedure* § 2.12(b) at 85 (1986) (*"Constitutional Law "*).

With respect to the first question, the eleventh amendment expressly bars actions filed against a state by citizens of another state or foreign country, and has been construed to preclude lawsuits filed against a state by one of its own citizens as well. *Papasan v. Allain,* 478 U.S. 265, 275, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890). In other words, all private plaintiffs are subject to the amendment. *Constitutional Law* at 85. Central Reserve, as a citizen of Ohio and a private plaintiff, is therefore subject to the amendment.

Skipping to the fourth question, we note that Nevada has expressly reserved its eleventh amendment immunity. *See* Nev. Rev.Stat. § 41.031(3).[3] *See also* Nev.Rev. Stat. § 41.032 (extending immunity generally to state officers).[4] As to the fifth question, the appellant has neither argued nor proffered any authority in support of a contention that Congress has overridden Nevada's eleventh amendment immunity with respect to actions such as the present one. We therefore turn to an examination of the interrelated second and third questions.

 It is well settled that a state need not be named as a party to an action in order for that action to be barred by the eleventh amendment. *Kerr Center Parents Ass'n v. Charles,* 842 F.2d 1052, 1058 (9th Cir.1988). Where the state is in fact the real party in interest, the eleventh

---

2. The appellant also alleged the existence of a federal question as a basis for jurisdiction in the district court, claiming violations of due process and equal protection as well as interference with interstate commerce. However, the appellant presented no oral or written argument in support of these allegations, either in the district court or on appeal, and despite a reference to 28 U.S.C. § 1331 in its opening brief, no error has been asserted with respect to the issue of federal question jurisdiction. We therefore deem any contention on that point to have been waived.

3. "The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."

4. [N]o action may be brought ... against ... an officer or employee of the state ... which is: (1) Based upon an act or omission of an officer [or] employee ... exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or (2) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of ... any officer [or] employee ... of [the State], whether or not the discretion involved is abused.

(in relevant part).

amendment precludes a district court from exercising jurisdiction over the claims presented even though only state officials have been named as party defendants. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). A state is deemed to be the real party in interest where " 'the judgment sought would ... interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' " *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir.1984) (quoting *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985).

■ Here, it cannot be seriously maintained that Central Reserve is suing the appellees for any purpose other than "to restrain the [State of Nevada's] Government from acting, or to compel it to act[,]" or that the effect of "the judgment sought would [not] ... interfere with the [State of Nevada's] public administration...." *Id.* Consequently, the appellant's act of suing the appellees in their individual capacities cannot hide the fact that the basis of the claims asserted and the nature of the relief sought make clear that their action was directed solely against the State of Nevada. Accordingly, the real party in interest here is the State of Nevada and not the nominal individual appellees.[5]

■ Even if the State of Nevada were not the real party in interest, however, the answer to the third question would be dispositive here. The eleventh amendment does not bar suits seeking to impose personal liability against state officers sued in their individual capacities for alleged violations of *federal* constitutional or statutory rights. *Scheuer v. Rhodes*, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974);[6] *Draper v. Coombs*, 792 F.2d 915, 919 (9th Cir.1986). Nor does the amendment bar actions against state officers sued in their official capacities, where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's *federal* constitutional or statutory rights. *Ex Parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908); *Charley's Taxi Radio Dispatch Corp. v. Sida of Hawaii, Inc.*, 810 F.2d 869, 874 (9th Cir.1987). The amendment does, however, bar claims in federal court asserted against state officers based on alleged violations of *state* law. *Pennhurst*, 465 U.S. at 106, 121, 104 S.Ct. at 911, 919; *Air Transp. Ass'n of America v. Public Util. Comm'n of California*, 833 F.2d 200, 204 (9th Cir.1987), cert. denied, ⸺ U.S. ⸺, 108 S.Ct. 2904, 101 L.Ed.2d 936 (1988).

Here, it is undisputed that the appellant sued state officials solely on a question of state law. The district court was asked to review the actions of state officials with respect to their construing and applying a state statute involving a matter of purely state concern, *viz.*, the regulation of insurance sold in Nevada. *See, e.g.*, 15 U.S.C. § 1012(b) (with limited exceptions not here relevant, regulation of insurance is matter of state law).

Accordingly, the district court did not err in holding that the eleventh amendment precludes the prosecution of Central Reserve's claims against the appellees. *See Pennhurst*, 465 U.S. at 106, 104 S.Ct. at

5. Our determination that the State of Nevada is the real party in interest effectively destroys diversity as a jurisdictional basis for this action as well. Where, as here, a corporation of one state sues another state, the action is deemed not to be between citizens of different states, and diversity of citizenship is therefore unavailable as a basis for federal jurisdiction. *See, e.g., State Hwy. Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 200, 49 S.Ct. 104, 106, 73 L.Ed. 262 (1929);

*Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir.1970).

6. Technically, the plaintiffs in *Scheuer* had sued the defendants in their official capacities. However, the Court concluded that the plaintiffs' claims were in reality directed against the defendants in their individual capacities for which the plaintiffs sought to impose personal liability. 416 U.S. at 238, 94 S.Ct. at 1687. *Accord Papa-*

**1162**

911;[7] *Dugan,* 372 U.S. at 620, 83 S.Ct. at 1006; *Air Transp. Ass'n of America,* 833 F.2d at 204.

AFFIRMED.

*san,* 478 U.S. at 278 n. 11, 106 S.Ct. at 2940 n. 11.

**7.** It is for this reason that the appellant's reliance on *Demery* is misplaced. *Demery* involved a situation in which the plaintiff sued state officials under 42 U.S.C. § 1983 for alleged violations of *federal* law; here, as in *Pennhurst,* only violations of *state* law are alleged. *See Demery,* 735 F.2d at 1146; *Pennhurst,* 465 U.S. at 106, 104 S.Ct. at 911.