993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SINALOA LAKE OWNERS ASSOCIATION; Robert A. Ain; Diantha
Ain; Leonard Bellenson; Ann Bellenson; Alvin Bennett;
Edward T. Bergin; Edward T. Bergin, executor of the estate
of Ruth M. Bergin; Edward D. Bigenho; Caryl Bigenho;
Junious W. Burrage; Pearl Burrage; Alan T. Canfield;
Irene R. Canfield; Robert A. Goossen; Judith A. Goossen;
Malcolm R. Harding; Patricia I. Harding; John B. Hayes;
Janet H. Hayes; William Hill; William L. Hodson; Dorothy
J. Hodson; Donna R. Hull; William J. Hull, Jr.; C.R.
Joshi; Rekha C. Joshi; Karl Kernberger, executor for the
estates of Monica Kernberger and H.R. Kernberger; Shirley
E. Najemnik Turner; Elaine D. Price; Richard D. Price;
Jannice M. Schnetzler; Peter J. Schnetzler; Fred N.
Schultz; Dianne Schultz; William A. Seaman; Jane M.
Seaman; E. Dean Seymour; E. Dean Seymour; Josephine
Seymour; Grace Sorrels; Ronald J. Sparks; Mary Lou
Sparks; Janet M. Strathearn; David L. Strathearn, Jr.;
Sandra Stutzman; James Stutzman, Plaintiffs-Appellants,
v.
CALIFORNIA DIVISION OF SAFETY OF DAMS, A DIVISION OF the
CALIFORNIA DEPARTMENT OF WATER RESOURCES, et al., Defendant,
and
State of California, Defendant-Appellee.
 No. 91-56352.
 United States Court of Appeals, Ninth Circuit.
 Argued April 5, 1993.
Submitted April 12, 1993.
Decided May 17, 1993.
 
 Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sinaloa Lake Owners Association and individual homeowners appeal the district court's order dismissing the State of California as a defendant. The Association and the homeowners sought an injunction ordering the State, through its Division of Safety of Dams, to rebuild Sinaloa Dam and Sinaloa Lake. The district court dismissed the State on Eleventh Amendment grounds. We affirm.
 
 I.
 
 3
 The Association and the individual homeowners filed suit against the Division of Safety of Dams and several of its officials in their individual capacities under 42 U.S.C. § 1983, alleging the deprivation of various constitutional rights. On appeal from the entry of judgment on the pleadings against the plaintiffs, we reversed in part and remanded, holding that the plaintiffs' due process claims were adequately alleged and ripe for review. Sinaloa Lake Owners Association v. City of Simi Valley, 882 F.2d 1398, 1404-10 (9th Cir.1989).
 
 
 4
 On remand, the district court granted the State of California's motion to dismiss on the ground that suit against it was barred by the Eleventh Amendment. The order dismissing the State was filed on October 1, 1990, and judgment was entered on September 6, 1991. The Association and individual homeowners filed notice of appeal on October 16, 1991.
 
 II.
 
 5
 The district court's dismissal order, which dismissed the State of California (and therefore the California Division of Safety of Dams), but which did not dismiss the individual defendants, was not an appealable order when issued because it did not adjudicate the rights and liabilities of all the parties. See Fed.R.Civ.P. 54(b); 28 U.S.C. § 1291 (1988).
 
 
 6
 On May 11, 1992, more than six months after filing their notice of appeal and more than three weeks after filing their Reply Brief with this court, the Association and individual homeowners prevailed upon the district court to issue a Rule 54(b) certification which, if valid, provides the basis for our jurisdiction over this appeal.
 
 
 7
 Our jurisdiction thus turns on the validity of the Rule 54(b) certification, which itself hinges on whether the district court was divested of the power to issue the certification upon the filing of the notice of appeal.
 
 
 8
 The filing of a notice of appeal usually divests the district court of jurisdiction over matters appealed. McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir.), cert. denied, 459 U.S. 1071 (1982). The divestiture rule is, however, merely a " 'judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. It should not be employed to defeat its purposes nor to induce needless paper shuffling.' " Kern Oil & Ref. Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.) (quoting Moore's Federal Practice p 203.11, at 3-45 n. 1 (2d ed. 1987)), cert. denied, 488 U.S. 948 (1988). We decline to apply the divesture doctrine here.
 
 
 9
 We hold that the district court retained the power to issue a Rule 54(b) certification despite the intervening filing of the notice of appeal. We therefore have jurisdiction to consider the merits of this appeal.
 
 III.
 The Eleventh Amendment provides:
 
 10
 The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
 
 
 11
 U.S. Const. amend. XI. Although by its terms the Amendment bars only suits predicated upon citizen-state diversity, the Supreme Court has expanded its scope to prohibit suits against a state by its own citizens, Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.1991) (citing Hans v. Louisiana, 134 U.S. 1, 9-21 (1890)), as well as to immunize state agencies, Durning, 950 F.2d at 1423 (citing State Highway Comm'n v. Utah Constr. Co., 278 U.S. 194, 199 (1929).
 
 
 12
 Thus, unless the state waives its immunity or Congress validly abrogates it, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.
 
 
 13
 A suit against a state official that challenges the constitutionality of that official's action is not barred by the Eleventh Amendment, unless it "is in fact a suit against [the] State." Id.; see Ex parte Young, 209 U.S. 123 (1908). The relief available in such suits, however, is limited to prospective relief; retroactive relief--money damages for past injuries--is barred by the Eleventh Amendment where those damages will be paid from the state treasury. Edelman v. Jordan, 415 U.S. 651 (1974).
 
 
 14
 The Association and individual homeowners argue that the Eleventh Amendment does not prevent a federal court from granting prospective injunctive relief against a state for a continuing deprivation of a federal right, and that the relief they seek--the rebuilding of Sinaloa Dam and Lake--is of that nature. The district court agreed that prospective relief was available but disagreed with the characterization of the relief sought as "prospective." See Appellants Excerpts of Record at 101-06.
 
 
 15
 The district court should not have reached the issue of the proper characterization of the requested relief. The doctrine of Ex parte Young, which permits suits against state officials for violations of federal constitutional rights, and that of Edelman, which limits the scope of permissible relief, have "no application in suits against the States and their agencies, which are barred regardless of the relief sought." See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S.Ct. 684, 688 (1993) (citing Cory v. White, 457 U.S. 85, 91 (1982)).
 
 
 16
 We affirm the order dismissing the State of California, on the ground that the Eleventh Amendment shields California from suit in federal court. See Kruso, 872 F.2d at 1421 (appeals court may affirm on any ground finding support in the record).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3