896 F.Supp. 1101 (1995)
John P. CRAWFORD, Insurance Commissioner for the State of Oklahoma as Receiver for MCA Insurance Company, an Oklahoma domestic insurance company, Plaintiff,
v.
EMPLOYERS REINSURANCE CORPORATION, a Missouri corporation, Defendant.
No. CIV-95-199-C.
United States District Court, W.D. Oklahoma.
July 25, 1995.
James W. Swank, Oklahoma City, OK, for John P. Crawford.
C. Wayne Litchfield, Oklahoma City, OK, for Employers Reinsurance Company.

ORDER
CAUTHRON, District Judge.
Plaintiff, John P. Crawford, Insurance Commissioner for the State of Oklahoma, has brought this action against defendant, Employers Reinsurance Corporation, in his capacity as Receiver for MCA Insurance Company ("MCA"). Plaintiff filed this action in the District Court for Oklahoma County, State of Oklahoma, asserting defendant breached treaties of reinsurance entered into between defendant and MCA prior to MCA being placed in receivership. Defendant removed the action to this Court basing federal jurisdiction on 28 U.S.C. § 1332. This matter is presently before the Court for consideration of plaintiff's motion to remand the action to state court. Plaintiff asserts remand is appropriate because diversity of citizenship is not present and this Court does *1102 not have proper jurisdiction. Plaintiff asserts he is acting only as a representative of the State of Oklahoma and contends the State of Oklahoma is the real party in interest for purposes of determining diversity of citizenship. Because the State is not considered to be a citizen of any state, plaintiff argues diversity of citizenship is not present. In the alternative, plaintiff argues, if the Court finds jurisdiction to be proper, the Court should nevertheless remand the case to state court on the basis of the abstention doctrine. Defendant has filed an objection, arguing jurisdiction is proper because plaintiff Crawford, and not the State of Oklahoma, is the real party in interest, thus resulting in diversity of citizenship. Defendant also submits abstention is inappropriate in this case.

DIVERSITY JURISDICTION
A state is not a "citizen of a state" for purposes of determining diversity of citizenship. Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799-1800, 36 L.Ed.2d 596 (1973); State Highway Commission v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929). Therefore, diversity of citizenship is not present where a state is a party in a diversity action. State Highway Commission, 278 U.S. at 200, 49 S.Ct. at 106. The same is true where a party is a state official and the state is the real party in interest. Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1381, 1382 n. 5 (9th Cir.1988), cert. denied, Miller v. Morongo Band of Mission Indians, 488 U.S. 1006, 109 S.Ct. 787, 102 L.Ed.2d 779 (1989). Plaintiff contends the State of Oklahoma is the real party in interest in this case and that diversity of citizenship is therefore lacking. Defendant argues diversity of citizenship is present because Crawford, and not the State of Oklahoma is the real party in interest.
Crawford has initiated this action to enforce a contract against defendant in his capacity as Receiver for MCA Insurance Company, not as a state official seeking to assert or protect significant state interests. As such, the Court finds plaintiff, and not the State of Oklahoma, is the real party in interest for purposes of determining diversity of citizenship. Having made this determination, the Court also finds diversity of citizenship to be present as Crawford is a citizen of Oklahoma, and defendant is a Missouri corporation. Diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332.[1]

ABSTENTION
Having determined federal diversity jurisdiction exists, the Court must also determine whether it should remand the case to state court based on the doctrine of abstention. Plaintiff argues abstention is appropriate under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), because the case presents questions of state law more appropriately determined by the state court. Defendant, while acknowledging the Court has the authority to remand on abstention grounds, argues remand in this case would be inappropriate. Initially, the Court notes that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).
Under the Burford doctrine of abstention,[2] a federal court may abstain from a case if its review of difficult questions of state law would be disruptive of the state's efforts to establish a coherent policy on an issue of public concern. The Supreme Court applied the Burford abstention doctrine in New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (hereinafter "NOPSI"), where, in declining to abstain under Burford, it stated:
Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the *1103 proceedings or orders of state administrative agencies; (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."
NOPSI, 491 U.S. at 361, 109 S.Ct. at 2514, quoting Colorado River, 424 U.S. at 814, 96 S.Ct. at 1244. Courts addressing Burford abstention issues since NOPSI, have found the court must first be sitting in equity for the Burford doctrine to apply. See, e.g., Garamendi v. Allstate Ins. Co., 47 F.3d 350 (9th Cir.1995) (citing University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 272 (3rd Cir.1991); Fragoso v. Lopez, 991 F.2d 878, 882 (1st Cir.1993); Costle v. Fremont Indem. Co., 839 F.Supp. 265, 270 (D.Vt. 1993); Duane v. Government Employees Ins. Co., 784 F.Supp. 1209, 1223 (D.Md.1992), aff'd 37 F.3d 1036 (4th Cir.1994), cert. granted, ___ U.S. ___, 115 S.Ct. 1251, 131 L.Ed.2d 132 (1995), cert. dismissed, ___ U.S. ___, 115 S.Ct. 2272, 132 L.Ed.2d 253 (1995)). The issue has not been addressed by the Tenth Circuit Court of Appeals post-NOPSI. In Todd v. DSN Dealer Service Network, Inc., 861 F.Supp. 1531 (D.Kan.1994), that district court concluded "in light of the language contained in NOPSI, that some form of equitable relief must be sought in order to apply Burford abstention, although a reconciliation of NOPSI with prior and subsequent Supreme Court cases is difficult at best." Todd, 861 F.Supp. at 1541. Here, plaintiff submits an accounting will be necessary in this action and, therefore, equitable relief is sought. Defendant argues an accounting will not be necessary and the action is strictly a legal one to recover monetary damages on the reinsurance contracts. The Court finds it unnecessary to determine in this case whether an equitable remedy is a prerequisite to abstention under the Burford doctrine or, whether plaintiff has, in fact, requested equitable relief in the form of an accounting. The determination of this issue becomes unnecessary in light of the Court's conclusion that plaintiff has failed to satisfy the other criteria for Burford abstention.
The principal Tenth Circuit authority regarding Burford abstention in the context of insolvent insurer liquidation proceedings is Grimes v. Crown Life Ins. Co., 857 F.2d 699 (10th Cir.1988), cert. denied, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989). Decided prior to NOPSI, however, the viability of Grimes is in question. Grimes sets forth four factors to be examined in determining whether an exercise of the court's federal jurisdiction is proper:
(1) whether the suit is based on a cause of action which is exclusively federal, [citation omitted]; (2) whether the suit requires the court to determine issues which are directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry, [citations omitted]; (3) whether state procedures indicate a desire to create special state forums to regulate and adjudicate these issues, [citations omitted]; and, (4) whether difficult or unusual state laws are at issue, [citations omitted].
Grimes, 857 F.2d at 704-05.
Although the first factor clearly weighs against abstention because the action raises no federal cause of action and is based strictly on state law claims, the remaining factors do not support abstention. Despite the Oklahoma County District Court having exclusive jurisdiction over the liquidation proceedings of insolvent insurers under the Oklahoma Uniform Insurers Liquidation Act, this case is separate and distinct from the liquidation proceedings. See, e.g., Grimes, 857 F.2d at 702. The plaintiff's claims against the defendant will not require this Court to determine issues which are directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry. Nor are the issues difficult or unusual. A review of plaintiff's allegations evidences the plaintiff's lawsuit against defendant is essentially one for breach of contract between two insurance companies and will not involve complex and specialized determinations. See, e.g., Grode v. Mutual Fire, Marine & Inland Ins. Co., 8 F.3d 953, 959 (3rd Cir.1993) ("Although the regulation of insolvent insurance companies is surely an important state interest, this *1104 case does not involve the complex and highly regulated issues of insurance regulation; rather, it is a simple contract action involving an allegedly unpaid debt. [Footnote omitted]"); Melahn v. Pennock Ins., Inc., 965 F.2d 1497 (8th Cir.1992).
Application of the Grimes factors must be considered in conjunction with the Supreme's Court's subsequent decision in NOPSI, which refined the Burford doctrine. There, the Supreme Court stated Burford "does not require abstention whenever there exists [a complex state administrative process], or even in all cases where there is a `potential for conflict' with state regulatory law or policy." NOPSI, 491 U.S. at 362, 109 S.Ct. at 2515, citing Colorado River, 424 U.S. at 815-16, 96 S.Ct. at 1245. Here, the Court is not persuaded this case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result" or, that the exercise of federal jurisdiction "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." NOPSI, 491 U.S. at 361, 109 S.Ct. at 2514, quoting Colorado River, 424 U.S. at 814, 96 S.Ct. at 1244. This case is distinguishable from cases where abstention is found to be appropriate because the court would be required to determine unsettled issues of state law or to preside over issues entangled in the state court liquidation proceedings. Plaintiff has not persuaded the Court that these conditions support abstention in this case.
The Court finds Burford abstention is not appropriate in this action.

CONCLUSION
In accordance with the foregoing, the Court finds federal jurisdiction exists pursuant to 28 U.S.C. § 1332. The Court further finds abstention under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is not appropriate in this case. Therefore, plaintiffs motion to remand is denied.
IT IS SO ORDERED.
NOTES
[1] Plaintiff concedes the amount in controversy is in excess of $50,000.
[2] Four types of abstention have been applied by the Supreme Court since 1941: Pullman, Burford, Younger and Colorado River. For an explanation of the four doctrines, see, Colorado Interstate Gas Co. v. State of Oklahoma ex rel. Comm'rs of Land Office, 760 F.Supp. 1466, 1474 (W.D.Okla.1991), citing 17A Wright Miller & Cooper, Federal Practice and Procedure § 4241 at 28, and § 4251 at 180 (2d ed. 1988).