NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3534
_____

JOHN R. DALEY, JR.,
a/k/a John Pickering-George,
                                        Appellant

v.

CATHERINE DOWDYE, a/k/a Catherine M. Daley;
IMMIGRATION LITIGATION;
ATTORNEY GENERAL VIRGIN ISLANDS;
VITAL STATISTICE OF VIRGIN ISLANDS;
VIRGIN ISLANDS DEPARTMENT OF HEALTH;
DEPOSITORY LIBRARIES
_____

APPEAL FROM THE DISTRICT COURT
OF THE VIRGIN ISLANDS
(D.C. Civ. Action No. 3-10-cv-00079)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2014
_____

Before: RENDELL, FUENTES, GREENAWAY, JR., *Circuit Judges*.

(Filed: July 1, 2014)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

John Pickering-George ("Pickering-George") initiated this action appearing to seek a certificate of adoption from the Virgin Islands Office of Vital Statistics ("Office of Vital Statistics"). The District Court dismissed the case for want of jurisdiction. For the foregoing reasons, we shall affirm the District Court's orders.

## I. FACTUAL BACKGROUND

Because we write primarily for the parties who are familiar with the facts and procedural history, we recount only the essential facts.

On July 16, 2010, Pickering-George initiated an action appearing to seek a certificate of adoption from the Office of Vital Statistics. Pickering-George named as defendants Catherine M. Dowdye, also known as Catherine M. Daley ("Daley"); "Immigration Litigation, Attorney General, Deputy Asst. [*sic*]" (the "Attorney General"); "Depository Libraries, National Archives and Record Administration, Federal Adoption, Territorial [*sic*]" ("NARA"); and the "Vital Statistics of U.S. Virgin Islands, Department of Health [*sic*]". The District Court dismissed all of Pickering-George's claims against Daley, the Attorney General, and NARA for failure to effect timely service of process. The Court also dismissed Pickering-George's claims against the Office of Vital Statistics on grounds that he could not establish subject matter jurisdiction. This timely appeal followed.

**II. JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Proper appellate jurisdiction does not, however, relieve us from inquiring into the propriety of the district court's exercise of jurisdiction in this case. *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). "We exercise plenary review in determining whether the district court was vested with subject matter jurisdiction." *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996).[1]

Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The District Court ruled that the Office of Vital Statistics could not be considered a citizen for purposes of establishing diversity of citizenship jurisdiction. We agree.

More than one hundred years ago, the Supreme Court of the United States ruled that a state cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction in federal court. *Postal Telegraph Cable Co. v. State of Alabama,* 155 U.S. 482, 487 (1894). This Court, in a well-reasoned opinion, held that "a Territory of the United States, which is considered a state pursuant to § 1332(d), also cannot be

---

[1] The District Court's initial resolution of the personal jurisdiction question rendered any discussion of timeliness moot.

considered a citizen for purposes of establishing diversity of citizenship jurisdiction."

*Brown v. Francis*, 75 F.3d at 865.  The same principle still stands.

For that reason, Pickering-George also cannot establish subject matter jurisdiction over other defendants.  It is immaterial whether the state engages in activities in its own name or through an "arm" or "alter ego."  For the purpose of diversity jurisdiction, the determinative factor is whether the state is the real party in interest.  *See State Highway Commission of Wyoming v. Utah Construction Co.*, 278 U.S. 194, 199-200 (1929).

Therefore, the District Court properly dismissed the case for lack of subject matter jurisdiction.


## III. CONCLUSION

For the foregoing reasons, we affirm the orders of the District Court.