**McDEVITT & STREET COMPANY**

v.

**The GEORGIA BUILDING AUTHORITY.**

**Civ. A. No. 16107.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 21, 1972.

Smith, Currie & Hancock, Atlanta, Ga., for plaintiff.

J. Lee Perry, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

McDevitt & Street Company brings this action against the Georgia Building Authority seeking to compel arbitration pursuant to the provisions of the United States Arbitration Act, Title 9 U.S.C., of an alleged dispute arising out of its contract with the Authority for the construction of "Georgia Plaza," a project located at the corner of Mitchell and Washington Streets in the City of Atlanta, Georgia. The defendant now moves the Court (1) to dismiss this action for lack of diversity jurisdiction and (2) to strike the affidavit of J. L. Padgett. The plaintiff, in turn, moves the Court for summary judgment in its favor. Since a finding of no diversity jurisdiction would be dispositive of all other pending matters, the Court will deal with that issue first.

It is well established that a State is not a "citizen" for diversity purposes. Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894); State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928). Therefore, if the Georgia Building Authority is an arm or alter ego of the State, or if the State is determined to be the real party in interest, no basis for diversity jurisdiction exists.

In attempting to determine the status of an agency such as the Building Authority, this Court must first look to the decisions of the Supreme Court of Georgia. See Louisiana Highway Commission v. Farnsworth, 74 F.2d 910 (5th Cir. 1935). Although the Supreme Court of Georgia has not specifically determined the status of the Georgia Building Authority, it has provided an analysis of a similarly created authority in the case of International Longshoremen's Association v. Georgia Ports Authority, 217 Ga. 712, 124 S.E.2d 733 (1962). In that case, the Supreme Court held that the Ports Authority performed legitimate functions of State government ordinarily carried on by a State or a State instrumentality. It further held that the Ports Authority was a creature of the State acting for the benefit of the public.

In light of the analysis provided by the Georgia Supreme Court in the Ports Authority case, the Court now examines the sections of the Georgia Code by which the Georgia Building Authority was created.[1] In making its examination, the Court finds that the Building Authority was created for the purpose of erecting buildings and other facilities to house agents and officials of the State government. The Authority is governed by a board which consists of the Governor, the Lieutenant Governor, the State Auditor, the Commissioner of Agriculture, and the State Attorney General. It builds and owns the State office buildings and

---

1. Ga.Code Ann. § 91–501 et seq.

rents them to the various departments, boards, and agencies of the State. The Authority receives indirect compensation from the State in that the State includes in the budgets of its departments, boards and agencies money for rent to be paid the Authority. Furthermore, Section 91–521a of the Code states that the Authority is exempt from paying taxes on such revenues as well as on its other property since "the carrying out of its corporate purpose, is in all respects for the benefit of the people of this State, and is a public purpose" and since "the Authority will be performing an essential governmental function. . . ."

Although the Authority is a corporation capable of suing or being sued, the Court notes that it has been created by the Georgia legislature and set out by name in the Georgia Code under the Section entitled "Public Property." Furthermore, the members of the Authority are State officers who are paid no separate salary for conducting their duties with the Building Authority.

■ Section 91–530a of the Georgia Code states, "This Chapter, being for the welfare of the State and its inhabitants, shall be liberally construed to effect the purposes hereof." Keeping this Code Section in mind, the Court finds that the Georgia Building Authority is an arm or alter ego of the State and that that State is the real party in interest in the instant case. Therefore, no diversity jurisdiction exists.

■ Section 4 of the United States Arbitration Act specifically limits application of the Act to actions over which the District Court would have an independent basis of jurisdiction. See 9 U.S.C. § 4 and Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2d Cir. 1961) cert. denied 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24. Therefore, the Act does not confer federal question jurisdiction upon this Court.

For these reasons, the Court hereby dismisses this action for lack of jurisdiction.