The **OHIO BUILDING AUTHORITY,**
Plaintiff,

v.

The **XEROX CORPORATION, Defendant.**

No. C2-91-1101.

United States District Court,
S.D. Ohio, E.D.

April 22, 1993.

As Amended May 26, 1993.

Thomas Keener, Wiles, Doucher, Van Buren & Boyle, Columbus, OH, Martin Sener, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for plaintiff.

Michael Carpenter, Jones, Day, Reavis & Pogue, Columbus, OH, for defendant.

### MEMORANDUM AND ORDER

BECKWITH, District Judge.

This matter is before the Court upon its own motion to consider whether it has jurisdiction over the subject matter of this action. The parties have submitted briefs on the issue of this Court's jurisdiction. Upon review of the law and the arguments of the parties, the Court determines that it does not have jurisdiction over the subject matter of this suit and that this action must be dismissed.

### *Background*

Plaintiff initiated this action in this Court when it filed its complaint asserting numerous state law claims. Plaintiff contended in

the complaint that this Court had jurisdiction over the subject matter of the action by virtue of 28 U.S.C. § 1332. That section provides that the federal district courts may properly exercise jurisdiction over actions based exclusively upon state law when the actions are between citizens of different states and the amount in controversy exceeds $50,000. Plaintiff asserts that it is a citizen of Ohio and Defendant is a citizen of New York and that, because the amount in controversy exceeds $50,000, this Court has jurisdiction over the subject matter of this action.

In his Memorandum of First Pretrial Conference, entered on May 28, 1992, the Magistrate Judge expressed doubt as to whether diversity of citizenship existed in this matter. The Magistrate Judge invited Defendant to submit the issue in the form of a motion to dismiss for lack of jurisdiction on or before July 31, 1992. The Magistrate Judge noted the possibility that Plaintiff is an *alter ego* of the State of Ohio and thus not a citizen of Ohio for purposes of establishing diversity. Defendant failed to move for dismissal in the time allotted, and this action proceeded through discovery.

On February 3, 1993, the Magistrate Judge entered an Opinion and Order in which he directed the parties to submit briefs on the issue of this Court's jurisdiction. In its brief, Defendant argues that this Court does not have jurisdiction over the subject matter of this action, because Plaintiff is an *alter ego* of the State of Ohio. Plaintiff contends that this Court has jurisdiction and that diversity of citizenship is present.

### The Applicable Law

■ Neither a state nor an *alter ego* of a state is a citizen for diversity purposes. *Moor v. County of Alameda,* 411 U.S. 693, 717–18, 93 S.Ct. 1785, 1799–1800, 36 L.Ed.2d 596 (1973). Jurisdiction in this case is premised entirely upon diversity. Accordingly, if Plaintiff is an *alter ego* of the State of Ohio, this Court lacks jurisdiction. *The President and Board of Trustees of Ohio University v. Ho,* Case No. C2–88–993 (S.D.Ohio December 12, 1988) (Holschuh, J.).

The Court of Appeals for the Sixth Circuit has set forth three lines of inquiry that con-

tribute to the *alter ego* determination. *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299 (6th Cir.1984), *cert. denied,* 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). The first line of inquiry examines the general nature of the entity and its status under state law. *Id.,* at 302. Specifically, the Court considers how the entity is generally treated under state law, whether the entity performs governmental or proprietary functions, whether the entity is separately incorporated, whether the entity's property is subject to taxation, and whether the entity is statutorily authorized to sue and be sued. *Id.*

The second line of inquiry examines the level of the entity's financial dependence on the state. Although the financial dependence considerations of the *Hall* case are not all relevant to the specific facts of this case, the financial dependence of Plaintiff on the State of Ohio remains a pertinent inquiry. *See The President and Board of Trustees of Ohio University,* slip op. at 5.

The third line of inquiry prescribed by the *Hall* court examines the degree of autonomy that the entity enjoys. The balance of these considerations favors a finding that Plaintiff is an *alter ego* of the State of Ohio.

### Decision

■ Plaintiff's persuasive arguments to the contrary notwithstanding, the Court finds that a preponderance of the considerations set forth above supports the conclusion that Plaintiff is an *alter ego* of the State of Ohio. Of the considerations that make up the first line of inquiry, only Plaintiff's statutory authority to sue and be sued weighs against the Court's finding.

An examination of Ohio Revised Code ("O.R.C.") Chapter 152 establishes that Plaintiff performs governmental, rather than proprietary, functions. O.R.C. § 152.01(A). Plaintiff's property is exempt from state taxation. O.R.C. § 152.07. Further, Plaintiff is not separately incorporated.

The Ohio Court of Claims has also recognized that Plaintiff is an *alter ego* of the state by allowing suits against Plaintiff to proceed in that forum. *See, e.g., Kirk Williams Co.*

v. *Ohio Department of Administrative Services*, 61 Ohio Misc.2d 745, 584 N.E.2d 1359 (Ct.Claims 1989). The Court of Claims has jurisdiction only over suits against the State of Ohio. O.R.C. § 2743.03(A)(1). Accordingly, were Plaintiff not an *alter ego* of the state, the Court of claims could not exercise jurisdiction over suits against Plaintiff. Thus, the general treatment of Plaintiff under state law favors a finding that Plaintiff is an *alter ego*.

Plaintiff makes much of the Court of Claims' dismissal of an action against Plaintiff on Plaintiff's motion for dismissal for lack of subject matter jurisdiction. *See Nicholson, et al. v. Ohio Department of Administrative Services, et al.*, Case No. 92–05586 (Ohio Ct.Claims August 5, 1992). As Defendant notes in its brief, however, Plaintiff's motion was unopposed. The Court of Claims did not separately articulate its reasons for the dismissal, nor did it explicitly reverse its earlier conclusion that it could exercise jurisdiction over suits against Plaintiff. The Court finds the *Nicholson* dismissal to be of negligible value in its analysis in this case.

Plaintiff also argues that the following language in O.R.C. § 152.01(A) argues against the Court's conclusion: "The [Ohio Building Authority] is subject to all provisions of law generally applicable to state agencies which do not conflict with the provisions of this chapter." The Court simply does not read that language as Plaintiff does. On the contrary, the Court is convinced that the legislature intended to characterize Plaintiff as a state agency or as an entity analogous to a state agency. Otherwise, the legislature would not have made the law that is applicable to state agencies applicable to Plaintiff.

As further support for its decision, the Court concludes that Plaintiff's finances are not sufficiently separate from those of the state for Plaintiff to be considered financially independent. In addition, the Court finds that Plaintiff is not autonomous but, rather, is directed to a significant degree by state officials. The governor appoints Plaintiff's members with the advice and consent of the state senate. O.R.C. § 152.01(A). The governor also designates Plaintiff's chairperson. O.R.C. § 152.01(C). The Court determines that Plaintiff is not autonomous but is subject to substantial control by the governor and the state senate.

The Court is instructed in its analysis by a decision from the Northern District of Georgia, *McDevitt & Street Co. v. Georgia Building Authority*, 343 F.Supp. 1238 (N.D.Ga. 1972). The Court recognizes the differences between the two cases, as those differences are illustrated in Plaintiff's brief. Nevertheless, that court considered many of the same factors as has this Court and reached similar conclusions.

### Conclusion

Because the Court concludes that Plaintiff is an *alter ego* of the State of Ohio, Plaintiff is not a citizen of Ohio for purposes of establishing this Court's diversity jurisdiction. Accordingly, diversity does not exist, and this Court does not have jurisdiction over the subject matter of this action. For that reason, this action is hereby **DISMISSED**.

**IT IS SO ORDERED.**