**AMERICAN CASUALTY COMPANY OF READING, PA., Plaintiff,**

**v.**

**COMMUNITY SAVINGS & LOAN, INC., et al., Defendants.**

Civ. A. No. R-85-4615.

United States District Court,
D. Maryland.

April 15, 1986.

William A. Hylton, Jr., Hylton & Gonzales, Baltimore, Md., and Michael P. Tone, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for plaintiff.

John B. Isbister, J. Hardin Marion, Tydings & Rosenberg, Baltimore, Md., for defendant Community Sav. & Loan, Inc. and State of Md. Deposit Ins. Fund.

Mark H. Tuohey, III, Kirby, Gillick, Schwartz and Tuohey, P.C., Washington, D.C., for defendant Clayton C. McQuiston.

M. Albert Figinski, Melnicove, Kaufman, Weiner & Smouse, P.A., Baltimore, Md., for defendants Clayton C. McQuiston, Joseph Cunningham and James B. Decrin.

John R. Fornaciari, Steele, Simmons & Fornaciari, Washington, D.C., William W. Cahill, Jr., Weinberg & Green, Baltimore, Md., for defendant Tom J. Billman.

James H. Hulme, Howard B. Possick, Arent, Fox, Kintner, Plotkin & Kahn,

Washington, D.C., for defendant John D. Faulkner, Jr.

William J. Murphy, Baltimore, Md., for defendants Michael C. Shomper, Elaine A. Dudash and Priscilla A. Fink.

Warren S. Oliveri, Jr., J. Jonathan Schraub, Golden, Freda & Schraub, P.C., Washington, D.C., for defendant Thomas H. Fellows.

Robert P. Trout, Gloria B. Solomon, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for defendant James B. Deerin, Jr.

Vincent E. Ferretti, Jr., Tietz & Ferretti, Rockville, Md., Paul L. Friedman, White & Case, Washington, D.C., for defendant Leonard Meltz, Jr.

James A. Rothschild, Baltimore, Md., for defendant Robert N. Kemp, Jr.

J. Philip Kessel, Washington, D.C., for defendant Jane Goodwin David.

### MEMORANDUM AND ORDER

RAMSEY, District Judge.

Plaintiff American Casualty Company of Reading, Pennsylvania (hereinafter "American Casualty") has brought this action seeking reformation or, in the alternative, rescission of an insurance policy. The subject policy is a directors' and officers' liability policy issued to Community Savings & Loan, Inc. (hereinafter "Community") and its directors and officers. Named as defendants in this action are Community, The Maryland Deposit Insurance Fund (hereinafter "MDIF"), various former and/or current directors and officers of Community, and Richard Kurrus, who is named as a representative of a potential class of people who may have claims against Community's directors and officers. Presently before the Court are defendants' motions to dismiss.[1] Plaintiff has opposed. The issues are thoroughly briefed and the Court now rules pursuant to Local Rule 6 (D.Md.1985) without need for a hearing.

The first issue presented is whether MDIF is an arm or alter ego of the state of Maryland. If MDIF is an arm or alter ego of the state, then the Eleventh Amendment would bar suit against MDIF in federal court. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Furthermore, MDIF would not be subject to the Court's diversity jurisdiction. *See Moor v. County of Alameda,* 411 U.S. 693, 717–18, 93 S.Ct. 1785, 1799–1800, 36 L.Ed.2d 596 (1973), *State Highway Commission of Wyoming v. Utah Construction Co.,* 278 U.S. 194, 199, 49 S.Ct. 104, 106, 73 L.Ed. 262 (1929). Should the Court find that MDIF is an arm or alter ego of the state and therefore not subject to suit in federal court, the Court must next determine whether MDIF is a necessary party to this litigation. If MDIF is found to be a necessary party, the Court must finally determine whether the action may proceed "in equity and good conscience" or whether the action must be dismissed.

In determining whether MDIF is an arm or alter ego of the state, the Court must examine MDIF's relationship with the state of Maryland. MDIF was created as a part of the Department of Licensing and Regulation. Md.Fin.Inst.Code Ann. § 10–102 (Supp.1985). That department is "a principal department of the state government." Md.Ann.Code art. 41, § 221(a) (1982). MDIF is subject to virtually complete government control. MDIF's Director is appointed by the Governor, Md.Fin.Inst. Code Ann. § 10–103(a) (Supp.1985); he serves at the pleasure of the Secretary of Licensing and Regulation, *Id.* § 10–105; the Director and his staff are paid from state funds, *Id.* § 10–104(a); and the majority of the members of MDIF's Board of Directors are appointed directly by the Governor, *Id.* § 10–103(d)(2)(ii). The Director's hiring authority is governed by state budgetary constraints. *Id.* § 10–104(a).

---

1. Defendants who have filed motions to dismiss are Community, MDIF, Robert Kemp, David Ryan, Jane Goodwin, John Faulkner, Jr., Michael Shomper, Elaine Dudish, Priscilla Fink, Thomas Fellows.

MDIF is "exempt from all special and ordinary taxes" imposed by the state. Section 7, ch. 6, Acts 1985, 1st Sp.Sess. MDIF's Director is granted qualified immunity. *Id.* Section 9, ch. 6. Any net earnings of MDIF are to be "accumulated for the benefit of the state." Md.Fin.Inst.Code Ann. § 10–112(c) (Supp.1985). And it is the statutory policy of the state to appropriate funds to MDIF "to the extent necessary to protect holders of savings accounts in member associations." *Id.* § 10–116.

■ The issue of whether MDIF is an agency of the state of Maryland is not one of first impression in this District. Judge Miller, of this Court, in a related case, *Community Savings & Loan, Inc. v. Citibank N.A.* Civil No. M–85–4005 (D.Md. October 10, 1985) held that MDIF is an agency of the state of Maryland (Transcript of Opinion at 4). In *Foremost Guaranty Corp. v. EPIC Mortgage, Inc.,* C.A. 85–1298–A (E.D.Va. March 24, 1986), another case involving Community, Judge Hilton of the United States District Court for the Eastern District of Virginia held:

> MDIF is an arm of the State of Maryland, it is a state agency, and ... they are the real party in interest as far as Community Savings and Loan is concerned. And therefore, there is not diversity in this case and the motion to dismiss will be granted.

*Transcript of Opinion* at 16, 17. This Court is in complete agreement with Judge Miller's and Judge Hilton's decisions and so finds. As an agency of the state of Maryland, MDIF is not subject to this Court's diversity jurisdiction. *See Moor v. County of Alameda,* 411 U.S. at 717, 718, 93 S.Ct. at 1799, 1800, *State Highway Commission of Wyoming v. Utah Construction Co.,* 278 U.S. at 199, 49 S.Ct. at 106. Furthermore, the Eleventh Amendment bars suits brought in federal courts against a state or its agencies.[2] *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. at 100,

104 S.Ct. at 908; *Highfield Water Co. v. Public Service Commission,* 488 F.Supp. 1176, 1178 (D.Md.1980). Accordingly, the suit brought against MDIF must be dismissed.

■ The next issues are whether MDIF is a necessary party to this litigation and, if so, whether this Court may proceed with the litigation without it. American Casualty brought this action against Community and its directors and officers seeking the reformation or, in the alternative, the rescission of the directors' and officers' liability insurance policy which it issued to Community. MDIF was originally sued as conservator of Community, after it was appointed conservator by order of the Circuit Court for Montgomery County, Maryland. As conservator, MDIF "exercise[d] the powers, rights, and privileges of the officers, directors, and members of [Community] savings and loan association." Md.Fin. Inst.Code Ann. § 9–702(b)(1) (Supp.1985). MDIF also had full authority to transact Community's business, conduct its operations, manage its assets and enforce its substantive rights. *Id.,* § 9–702(b) (Supp. 1985). On April 8, 1986, the Judge presiding over Community's conservatorship converted the conservatorship into a full receivership thereby giving total control of Community's assets to MDIF. *See id.,* §§ 9–708, 9–709 (Supp.1985). It is MDIF, therefore, as receiver of Community which is controlling the instant litigation. Accordingly, MDIF is a necessary party to the litigation.

Furthermore, the insurance policy which American Casualty seeks to limit or rescind is an asset of Community. The policy insures Community for any loss resulting from the wrongful acts of its directors or officers. If American Casualty prevails, and the policy is either limited or rescinded, the receiver's ability to meet its liabilities to depositors will be disminished. This in

---

**2.** Judge Joseph H.H. Kaplan, whose docket consists of the substantial part of all litigation arising out of Maryland's savings and loan crisis held that MDIF is a state agency and therefore entitled to sovereign immunity. *Chevy Chase*

*Savings & Loan, Inc. v. State of Maryland and State of Maryland Deposit Insurance Fund Corp.,* No. 85–290–090 (Cir.Ct.Balt.City, March 17, 1986).

turn will directly impact MDIF, as insurer of Community's deposits, and ultimately the funds of the State. Accordingly, the financial stake which MDIF has in the outcome of the case makes it a necessary party to the litigation.

The importance of MDIF as a party in cases involving Community Savings & Loan has been recognized by this District. In remanding *Community Savings & Loan, Inc. v. CitiBank, N.A., supra,* to state court, Judge Miller held:

> In my judgment ... MDIF ... is the real party in interest in this case. It is controlling the litigation. It may ultimately be required to pay money to the depositors. And the outcome of this particular lawsuit may have some substantial bearing on whether or not it has to pay out money. It is admittedly a contingent liability but it is certainly not a totally illusory possibility. Therefore, I think not only control but other facts indicate that MDIF has a substantial stake in the outcome of this litigation.

Transcript of Opinion at 3.

■ It is readily apparent that MDIF is a necessary and integral part of this litigation. It would be impossible for the Court to fashion the relief requested by American Casualty without affecting MDIF's interests. Because MDIF can not be made a party to this suit, the case must be DISMISSED as to all parties.

In dismissing the claim brought in federal court, the Court recognizes that the plaintiff has ready access to the state courts as to the very issue posed by this litigation since before American Casualty filed its amended complaint with this Court,

MDIF filed an action in state court seeking a declaration that the policy issued by American Casualty is in full force and effect. *See State of Maryland Deposit Insurance Fund et al. v. American Casualty Company of Reading, Pa., et al.,* Civil Action No. 11705 filed in the Circuit Court for Montgomery County, Maryland. The named defendants in that action are American Casualty, the fourteen (14) individual defendants named in American Casualty's original complaint and other individuals who are or were officers or directors of Community. Accordingly, complete relief to American Casualty is available in the state court system.

Furthermore, two judges of this. Court have heretofore held that federal courts should abstain in order to allow state courts to resolve the problems arising from Maryland's savings and loans crisis. Judge Miller, in *Community Savings & Loan, Inc. v. Citibank N.A.* indicated that he would favor applying the Burford[3] type abstention because the state legislature and judiciary had enacted systems to meet the crisis facing the savings and loan industry in Maryland. *See* Transcript of Decision at 4. Similarly, Judge Black in *Northern Virginia Law School, Inc. v. Harry Hughes, et al.,* No. B–85–3200 (D.Md. Nov. 22, 1985) held that because the state has established a regulatory scheme to deal with the savings and loan crisis, abstention is appropriate under *Burford* and *Colorado River.*[4]

> The Court hesitates to specify any one ground of abstention as the most applicable here. It would merely note two points. First, there are many similarities

---

**3.** *See Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The Burford-type abstention is one where the Court abstains in order to avoid conflicting with the state's administration of its own affairs. In the Burford-type abstention, dismissal of the action, rather than retention of jurisdiction pending a state determination, is appropriate. *See* 17 Wright, Miller & Cooper, Jurisdiction § 4245 (1978).

**4.** *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236,

47 L.Ed.2d 483 (1976). The Colorado River type abstention is a more limited type of abstention. In *Colorado River,* the Supreme Court held that normally the pendency of an action in state court is no bar to proceedings involving the same matter in federal court. The Court noted however that there are circumstances which permit the dismissal of an action brought in federal court when there are concurrent state proceedings for reasons of judicial economy and administration. 424 U.S. at 818, 96 S.Ct. at 1246–47.

to the *Colorado River* case. The savings and loan crisis would seem to be an "exceptional circumstance," and just as the Court in *Colorado River* was concerned about multiple litigation concerning water rights in one river, so here there is concern about multiple suits dealing with the inadequate resources of one saving and loan association. The Court is convinced that the *Colorado River* balance weighs in favor of abstention. Second, *Burford* abstention seems particularly apropos due to the regulatory scheme for savings and loans and the conservatorship proceeding. Case law supports a view of abstention in similar circumstances. See, for example, *Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980), and *Commonwealth of Pennsylvania v. Williams*, 294 U.S. 176 [55 S.Ct. 380, 79 L.Ed. 841] (1935). Thus, the Court feels strongly that the savings and loan crisis constitutes one of those unique cases where abstention is appropriate for all of the reasons stated above. Indeed, the Court would have difficulty of thinking of any circumstances that could more clearly compel the application of the doctrine.

Transcript of Opinion at 4–5.

The Court is persuaded by the reasoning of Judge Miller and Judge Black in their decisions favoring abstention in cases arising in federal court from Maryland's savings and loan crisis. Accordingly, the Court finds as an alternative ground for dismissal that the instant litigation is one in which abstention is appropriate.[5]

For the reasons stated herein, it is this 15th day of April, 1986, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motions to DISMISS are GRANTED;

2. That American Casualty's amended motion for preliminary injunctive relief is DENIED AS MOOT;

3. American Casualty's motion to dismiss counterclaim is DENIED AS MOOT;

4. Counterplaintiff's motion to join additional parties is DENIED AS MOOT; and,

5. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.

---

**5.** In granting defendants' motions to dismiss, the American Casualty's amended motion for preliminary injunctive relief and motion to dismiss counterclaim and counter plaintiff's motion to join additional necessary parties, become moot.