**FIRST PENN–PACIFIC LIFE INSURANCE COMPANY, Plaintiff,**

v.

**William R. EVANS, Chartered and Maryland First Financial Services Corp., Defendants.**

No. H–01–680.

United States District Court, D. Maryland.

Sept. 17, 2001.

Jefferson L. Bloomquist, Funk & Bolton, P.A., Eric B. Myers, Funk & Bolton, Baltimore, MD, for Plaintiff.

Lee H. Ogburn, Kramon and Graham, Baltimore, MD, Peter E. Keith, Gallagher, Evelius and Jones, Thomas Christopher Dame, Law Office, Paul Stephen Caiola, Gallagher, Evelius and Jones, LLP, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

ALEXANDER HARVEY II, Senior District Judge.

In this civil action, plaintiff First Penn–Pacific Life Insurance Company ("First–

Penn Pacific") has here sued defendant William R. Evans, Chartered ("Evans"), seeking rescission of a life insurance policy (the "Policy"). In its Memorandum and Order of June 19, 2001, this Court granted the motion to intervene of Maryland First Financial Corp. ("Maryland First Financial" or "defendant"). Maryland First Financial has been appointed by the Circuit Court for Baltimore City (the "Circuit Court") to be the receiver of Answer Care, Inc. ("Answer Care"), and in its Order of June 19, the Court permitted Maryland First Financial to intervene in this case as the receiver for Answer Care.

Defendant Maryland First Financial has now answered the complaint and has filed a motion to dismiss.[1] In its letter to counsel of August 9, 2001, the Court granted the request of Maryland First Financial for an extension of the time for it to respond to plaintiff's discovery. The Court noted that defendant's motion to dismiss was pending and that, if the motion were granted, the case would be dismissed, and it would not be necessary for Maryland First Financial to respond to discovery. Recently, plaintiff First Penn–Pacific has filed a motion for withdrawal of the Court's letter of August 9, 2000, claiming that it should not be precluded from obtaining discovery before contesting the pending motion to dismiss.

Memoranda and exhibits have been submitted by the parties in support of and in opposition to both pending motions.[2] Following its review of the pleadings, memoranda and exhibits, the Court has determined that no hearing is necessary for a decision on the pending motions. *See* Local Rule 105.6. For the reasons stated

---

1. Defendant Evans has not opposed the pending motion to dismiss of Maryland First Financial, but plaintiff has filed an opposition.

2. On September 7, 2001, plaintiff filed a motion for leave to file a surreply memorandum.

herein, the motion to dismiss of Maryland First Financial will be granted, plaintiff's motion for withdrawal of the Court's letter of August 9, 2001 will be denied, and plaintiff's motion for leave to file a surreply memorandum will also be denied.

## I

### *Facts and Contentions of the Parties*

The background facts of this litigation were discussed in some detail in the Court's Memorandum and Order of June 19, 2001 and will not be repeated here. As noted therein, defendant Maryland First Financial has previously been appointed by the Circuit Court for Baltimore City to be the receiver of Answer Care. *Lubin v. Answer Care, Inc.*, Case No. 24–C–00–004710 (Cir.Ct. for Balt. City). That pending case is an action brought by the Securities Commissioner for the State of Maryland (the "Commissioner") against Answer Care and Mark Massoni, its owner and President. The Circuit Court has ordered Maryland First Financial, as receiver, to control, manage and account for the assets and businesses of Answer Care for the purpose of consolidating, liquidating, protecting and distributing its assets. In particular, Maryland First Financial has been authorized and directed by the Circuit Court to recover assets for the benefit of investors in Answer Care by, *inter alia*, filing claims against those who have received preferential treatment, against those who may be Answer Care insiders and against those who have received investor funds in an illegitimate manner.

Relying upon *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *Brandenburg v. Seidel*, 859 F.2d 1179 (4th Cir.1988), defendant Maryland First Financial argues that this Court should invoke the *Burford*-type abstention doctrine and dismiss this case to avoid interference with the receivership proceedings pending in the Circuit Court.[3] Defendant asserts that continuation of this action would undermine the integrity of several orders previously entered by the Circuit Court and would hinder the efforts of Maryland First Financial to marshal Answer Care's assets and distribute such assets to depositors and other creditors. It is further argued that the dispute addressed by the pleadings in this case should be adjudicated in a state forum, since the interests of the State of Maryland are paramount to any potential interests of the federal government. In support of its arguments, defendant Maryland First Financial asserts that the insurance policy at issue here is a substantial asset of the receivership estate, and defendant maintains that the State of Maryland has initiated in the Circuit Court a comprehensive scheme for administering all of Answer Care's assets pursuant to the Maryland Securities Act and Title 13 of the Maryland Rules of Procedure.

In opposing the pending motion to dismiss, plaintiff argues that this Court should continue to exercise jurisdiction in this case because *Burford* abstention applies only when a federal case will interfere with proceedings or orders of a state administrative agency. It is asserted that the Commissioner's action against Answer Care in Circuit Court is merely litigation between private parties and is

---

**3.** Defendant First Financial also argues that the abstention doctrine enunciated by the Supreme Court in *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) should be applied here. In view of the Court's determination that the case should be dismissed under *Burford*-type abstention principles, it is not necessary for the Court to consider whether the *Colorado River Water* "exceptional circumstances" test is also applicable here.

neither a proceeding nor an order of a state administrative agency. According to the plaintiff, this Court has an obligation to exercise its jurisdiction since the State of Maryland has yet to devise a complex legislative, administrative and regulatory scheme that directly addresses viatical settlements or viatical settlement companies.

## II

### *Applicable Principles of Law*

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717–18, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the Supreme Court reiterated that the principle underlying its abstention doctrines is primarily " 'the avoidance of needless friction with state policies, whether the policy relates to the enforcement of criminal law, or the administration of a specialized scheme for liquidating embarrassed business enterprises, or the final authority of a state court to interpret doubtful regulatory laws of the state....' " (quoting *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971 (citations omitted)). In applying this general principle, the Supreme Court has recognized three distinct types of abstention whereby a federal court action may be dismissed, namely, the so-called *Burford, Pullman*[4] and *Younger*[5] abstentions.

*Burford*-type abstention is premised upon the concept of comity, which means that "[f]ederal courts should thus 'exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy.' " *Johnson v. Collins Entertainment Co., Inc.*, 199 F.3d 710, 719 (4th Cir.1999) (quoting *Burford*, 319 U.S. at

318, 63 S.Ct. 1098). As further explained in *Johnson:*

[T]he federal judiciary should accordingly abstain from deciding cases (1) that present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" or (2) whose adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." 199 F.3d at 719 (quoting *New Orleans Pub. Serv., Inc. v. New Orleans*, 491 U.S. 350, 361, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)) (internal quotation marks omitted).

In *Johnson*, the Fourth Circuit recognized that *Burford* abstention "safeguards our federal system from the '[d]elay, misunderstandings of local law, and needless conflict with [a] state policy' that inevitably results from federal judicial intrusions into areas of core state prerogatives." *Johnson*, 199 F.3d at 719 (quoting *Burford*, 319 U.S. at 327, 63 S.Ct. 1098).

## III

### *Discussion*

#### (a)

#### *Burford-type Abstention*

After considering the parties' arguments, this Court has concluded that the motion to dismiss of defendant Maryland First Financial must be granted. *Burford*-type abstention principles are applicable in this case.

As in *Brandenburg*, this case concerns an entity which has been placed into receivership by order of a state court. As

---

4.  *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

5.  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

stated by the Fourth Circuit in that case, "[t]he liquidation process in particular is one which would be greatly impeded by the involvement of more than one decision-making authority." 859 F.2d at 1191. In reaching its conclusion that the facts before it presented a classic situation for *Burford* abstention, the Fourth Circuit in *Brandenburg* relied upon two determinations that arose from the fact that the entity forced into receivership was a savings and loan association. *Id.* First, the Court noted that the "Maryland legislature ha[d] set up a comprehensive scheme for the rehabilitation and liquidation of insolvent state-charted savings and loan associations," and second, it stated that "[t]he expeditious rehabilitation of the state's savings and loan industry [was] obviously a matter of substantial state concern." *Id.*

Although Answer Care is not a savings and loan association, it is still involved in a highly regulated state process involving the liquidation and distribution of its assets, which is indeed "a matter of substantial public concern." *New Orleans Pub. Serv., Inc.,* 491 U.S. at 361, 109 S.Ct. 2506. Federal courts have frequently invoked the *Burford* doctrine to avoid interference with ongoing state receivership proceedings. *Brandenburg,* 859 F.2d at 1192 n. 16 (citing cases). On the record here, this Court concludes that *Burford* abstention is appropriate in this case to avoid "disrupt[ion][of] the state's efforts to provide a unified method for liquidation of [Answer Care]." *Id.* at 1191; *see also Quackenbush,* 517 U.S. at 717–18, 116 S.Ct. 1712 (explaining that "avoidance of needless friction with state policies" relating to "the administration of a specialized scheme for liquidating embarrassed business enterprises ... reflect[s] a doctrine of abstention appropriate to our federal system.") (citation omitted).

As shown by the Circuit Court proceedings, the Commissioner, a state official in charge of a state agency, has forced Answer Care into receivership in order "to prevent the risk of further loss of investor funds, to protect the public interest and to avoid the harm that will result from a continuing violation of the Maryland Securities Act." (Circuit Court Order Granting Appointment of a Receiver at 1). Moreover, the relief previously obtained by the Commissioner, including the appointment of Maryland First Financial as receiver, was granted pursuant to state law and is being administered in accordance with both the Maryland Securities Act and Maryland receivership procedures. As a result, this Court concludes that the State of Maryland has a greater interest than does this Court in adjudicating the dispute in this case involving the validity of a life insurance policy which may be a substantial asset of the receivership estate. The dispute in this case is properly subject to the ongoing receivership proceedings in Circuit Court. *See, e.g., Kent Island Joint Venture v. Smith,* 452 F.Supp. 455, 463 (1978) (The exercise by a federal court of "its jurisdiction in areas of important state domestic policy creates an 'unseemly conflict between two sovereignties, [and] the unnecessary impairment of state functions ....' ") (quoting *Martin v. Creasy,* 360 U.S. 219, 224, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959)).

Continuation of this federal action is particularly inappropriate because it will infringe upon certain orders previously entered by the Circuit Court and complicate the efficient dissolution of Answer Care's estate. *See, e.g., Brandenburg,* 859 F.2d at 1192 (finding that plaintiffs' lawsuit was a "collateral attack on the ... orders issued by the receivership court, and allowing plaintiffs to proceed with it will directly undermine that court's efforts to achieve a fair and equitable distribution of ...

limited assets"). In this case, the Circuit Court has enjoined Answer Care from impairing any assets which like the Policy were obtained with funds that came from the sale of viatical settlements. The Circuit Court has further ordered defendant Maryland First Financial to protect and recover the assets of Answer Care through whatever steps are necessary, including the formal filing of claims. (*See* Appointment Order ¶ 6 at 4, ¶¶ 9–10 at 5).

Moreover, the Circuit Court has ordered that all of the parties in the case before it submit legal briefs on the question of who has the beneficial ownership of life insurance polices at issue. Pursuant to an Interim Scheduling Order, Maryland First Financial has been directed to file in the Circuit Court "any claims it intends to pursue related to the pending receivership" because the Circuit Court "intends to accept special assignment of all claims related to the receivership." (Interim Scheduling Order at 2). It is therefore obvious on the record here that "permitting this action to go forward would directly undermine the integrity of several orders issued by the state receivership court," and that, as a result, this Court should apply the *Burford* doctrine and abstain from exercising its jurisdiction in this case. *Brandenburg*, 859 F.2d at 1192.

Plaintiff argues that *Burford*-type abstention should be used only when there exists a possibility of interference with an ongoing state administrative proceeding. There is no merit to this argument, which is based upon *New Orleans Pub. Serv.* In that case, the Supreme Court discussed *Burford* abstention in the context of a federal suit arising as a result of several different decisions which were made by the Council of the City of New Orleans and which were characterized by the Supreme Court as "proceedings or orders of [a] state administrative agenc[y]." 491 U.S. at 361, 109 S.Ct. 2506. Subsequent to *New Orleans Pub. Serv.*, both the Supreme Court and the Fourth Circuit have applied *Burford* abstention principles in the absence of any underlying state administrative proceeding. *See Quackenbush*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1; *Johnson*, 199 F.3d 710. In fact, oft-quoted language from the *New Orleans Pub. Serv.* opinion is actually taken from *Colorado River*, in which there was no ongoing state administrative proceeding.[6] Moreover, the Commissioner, who is the head of a state administrative agency, has instituted a proceeding against Answer Care in Circuit Court, as a result of which orders have been issued against Answer Care at the Commissioner's request.

Plaintiff's reliance upon *Finkielstain v. Seidel*, 692 F.Supp. 1497, 1508 (S.D.N.Y. 1988) is likewise misplaced. In that case, the claims in question were "subject to the *exclusive* jurisdiction of the federal courts . . . [and] abstention in [such] circumstances would [have] allow[ed] Maryland to overcome federal law or policy merely by entering an order of receivership." (Emphasis in original). In this case, there is no exclusive federal jurisdiction over the dispute at issue, and there is no possibility that federal law will be defeated or circum-

---

**6.** *See New Orleans Pub. Serv.*, 491 U.S. at 361, 109 S.Ct. 2506:

[A] federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance tran- scends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." quoting *Colorado River*, 424 U.S. at 814, 96 S.Ct. 1236.

vented through continuation of the receivership action in Circuit Court. Similarly, *Phillips v. Solomon Health Services, LLC,* 2000 WL 306450 (D.Conn.2000) does not support plaintiff's position. That case is distinguishable because this suit involves the validity of an insurance policy, a matter which is primarily a matter of state law, while in *Phillips* the subject matter of the litigation was "essentially a contractual dispute," which is "not an area of exclusive state concern." *Id.* at *5; *see also Finkielstain v. Seidel,* 692 F.Supp. at 1507–08 ("*Burford* abstention . . . is justified only where the issues sought to be adjudicated in federal court [are] largely ones of state law.")

As plaintiff has acknowledged, the courts and Congress have "declared that state regulation of the business of insurance is in the public interest and shall be subject to state laws and regulations." (Pl.'s Mem. of Law in Opp. at 12 (citing *Lac D'Amiante du Quebec, Ltee v. American Home Assurance Co.,* 864 F.2d 1033, 1038–39 (3rd Cir.1988))). Here, the disposition of plaintiff's claims will be entirely dependent upon application of state insurance statutes and state insurance law since the relief sought here is the rescission of an insurance contract. Indeed, a large part of plaintiff's opposition memorandum is devoted to a discussion of which state's insurance laws should be applied by the Court to determine if the Policy at issue is valid.

In spite of abundant authority indicating that *Burford*-type abstention is clearly applicable in this case, plaintiff attempts to avoid application of the *Burford* doctrine by mischaracterizing the receivership action in the Circuit Court as a private dispute over the conduct of a viatical settlement company. But the receivership action in question is in fact a proceeding instituted by a state agency to enforce state securities and insurance laws pertaining to the issuance, assignment and sale of life insurance policies. Although this Court in exercising its diversity jurisdiction may have the authority to decide the issues of insurance law presented in this case, "there is real value to allowing the states the first crack at deciding issues so pertinent to their own self-governance." *Johnson,* 199 F.3d at 721. Accordingly, this Court is satisfied that *Burford* abstention is appropriate here because "[c]onflicts in the interpretation of state law . . . are almost certain to result" from the intervention of this Court into this matter. *Burford,* 319 U.S. at 334, 63 S.Ct. 1098.

Rather than retaining jurisdiction pending determination of the issues by the state court, this Court concludes that *Burford*-type abstention requires dismissal of this particular action altogether. *See American Cas. Co. v. Community Sav. & Loan,* 635 F.Supp. 539, 542 n. 3 (D.Md. 1986) (citing Wright, Miller & Cooper, Jurisdiction § 4245 (1978)). The usual procedure in a case involving application of the *Burford* doctrine is dismissal of the action. *Kent Island,* 452 F.Supp. at 464. Plaintiff still has an effective state venue whereby it would be entitled to obtain the relief sought by it in this case. The Court's disposition here in no way prejudices the plaintiff's right to refile its claims against the defendants in the state court proceeding. *Brandenburg,* 859 F.2d at 1195 n. 18. Dismissal of this action will avoid the uncertainty, delay and interference with state policy which would be caused if jurisdiction were retained and if there would be piecemeal adjudication of the issues. *See Kent Island,* 452 F.Supp. at 464.

(b)

*Other Contentions*

In further support of its pending motion, defendant Maryland First Financial has

argued that dismissal of this action is appropriate because plaintiff failed to file the case within the applicable two year contestability period and because defendant Evans and Answer Care do not have an insurable interest in the life of the insured and are required to have such an interest to be able to maintain this action. It has further been argued that Count II of the complaint should be dismissed because it is barred by Maryland's three-year statute of limitations. Plaintiff disputes all of these contentions and has recently filed a motion for leave to file a surreply addressing the issues in question.

Since the Court has concluded that *Burford* abstention principles require dismissal of this action, the Court will not address any of these other contentions. Defendant Maryland First Financial may present these arguments in the Circuit Court receivership proceedings. It will be for that Court to determine whether plaintiff's claims are subject to dismissal on the grounds asserted.

The motion of plaintiff First Penn–Pacific for leave to file a surreply will be denied. Since this Court will not be considering the additional contentions advanced by Maryland First Financial, there is no need for plaintiff to submit a further surreply memorandum.

### (c)

### *Plaintiff's Motion for Withdrawal*

As noted, plaintiff has filed a motion asking this Court to withdraw its ruling of April 9, 2001 which directed that, until further Order of Court, defendant Maryland First Financial is not required to respond to plaintiff's interrogatories and requests for the production of documents. According to plaintiff, the motion to dismiss of Maryland First Financial is actually a motion for summary judgment since various evidentiary materials have been submitted to the Court in support of that motion.

Plaintiff's motion for withdrawal will be denied. The pending motion is clearly a motion to dismiss and not a motion for summary judgment. It is not necessary for the Court, in ruling on defendant's pending motion to dismiss, to rely on evidentiary materials which are a part of the record here. Although, pursuant to Rule 12(b)(6), F.R.Civ.P., the Court may treat a motion to dismiss as one for summary judgment under Rule 56, this Court has not done so in this case. In granting the motion of Maryland First Financial, judgment in favor of that defendant has not been entered. Rather, the case is being dismissed without prejudice to the right of the parties to present the issues raised in this case to the Circuit Court in the receivership proceedings.

Plaintiff has argued that it should be entitled to engage in discovery to determine whether Maryland First Financial has any interest in the Policy. But defendant has alleged and has pointed to evidence in the record indicating that the insurance policy at issue here is an asset of the receivership estate. In its Memorandum and Order of June 19, 2001, this Court relied on this assertion to permit Maryland First Financial to intervene in this case as the receiver for Answer Care. There has been no final ruling on the issue. Plaintiff would be entitled to claim in the Circuit Court proceedings that the Policy at issue is not an asset of the receivership estate.

Plaintiff contends that the discovery which it has requested is necessary for it to properly respond to the pending motion. The Court must disagree. The discovery sought by the plaintiff in its interrogatories and request for documents is not material to the issue of the applicability of *Burford*-type abstention to this case.

There is accordingly no merit to plaintiff's motion for withdrawal.

### IV

*Conclusion*

For all the reasons stated, the motion to dismiss of defendant Maryland First Financial will be granted. Plaintiff's motion for withdrawal of the Court's letter of August 9, 2001 will be denied, and plaintiff's motion for leave to file a surreply will also be denied. An appropriate order will be entered by the Court.